IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARICEL FORTEZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-875-B-BN |
| | § | |
| AFFORDABLE AUTO SHIELD, INC. | § | |
| d/b/a AAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this case, which United States District Judge Jane J. Boyle has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 6, Plaintiff Maricel Forteza filed an executed summons as to Defendant SING for Service LLC d/b/a Mepco (Mepco) on May 23, 2023, reflecting that, on May 2, 2023, a summons as to Mepco was served on an Illinois entity represented to be designated by law to accept service on behalf of Mepco. *See* Dkt. No. 12.

On July 31, 2023, Forteza requested entry of default and moved for default judgment as to Mepco. *See* Dkt. No. 24. The next day, Mepco filed an executed waiver of service of summons, setting 60 days from July 28, 2023 (or September 26, 2023) as its deadline to respond. *See* Dkt. No. 25.

On September 26, Mepco moved to dismiss Forteza's claims against it under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 30.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should deny the motion for default judgment.

## Discussion

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

> When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

A failure to obtain an entry of default is reason alone to deny the request for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

And, insofar as Mepco was in default on July 31 – to the extent that it was properly served in May, *see Rogers*, 167 F.3d at 938 ("Like formal service of process, a waiver of service of process marks the point in a lawsuit after which the defendant must answer or risk default."); FED. R. CIV. P. 12(a)(1) – Mepco's filing an executed waiver of service the next day and then filing a motion to dismiss consistent with the timeline established by that waiver "constitutes defending an action within the meaning of Rule 55(a)" and effectively cures any earlier default such that "default

should not be entered" now. *Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (citing *Wickstrom v. Ebert*, 101 F.R.D. 26, 33 (E.D. Wis. 1984)); *see also Brown v. California*, No. CV 23-1966 ODW (PVC), 2023 WL 3979449, at *1 (C.D. Cal. May 19, 2023) ("Even if these Defendants had been properly served, which the Court does not and need not find, the filing of a motion to dismiss, by itself, is sufficient to preclude entry of default." (collecting cases)).

## Recommendation

The Court should deny Plaintiff Maricel Forteza's motion for default judgment [Dkt. No. 24].

A copy of these findings, conclusions, and recommendation and order shall be served on all parties in the manner provided by law. Any party who objects to any part of the recommended denial of the motion for default judgment must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE